UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GREGORY JAMES BENNETT, | ) | |
| | ) | |
| Petitioner, | ) | 3:11-cv-00594-ECR-VPC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WARREN WATSON, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a state prisoner, is proceeding *pro se*. Before the court is respondents' motion to dismiss (ECF #8). Petitioner has opposed the motion (ECF #12), and respondents have replied (ECF #13).

**I. Procedural History and Background**

On September 22, 2009, petitioner was convicted, pursuant to a guilty plea, of one count of conspiracy to commit forgery and sentenced to twelve months in the Carson City jail to run concurrent with his sentences in Washoe County case number CR04-2871C (exhibits to motion to dismiss, ECF #s 9 and 10, ex. 18).[1] Petitioner did not appeal.

On June 23, 2010, petitioner filed a post-conviction petition for a writ of habeas corpus in the state district court (ex. 19). The district court dismissed the petition on the basis that, with good

---

[1] All exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF #8.

time credits, petitioner had already expired his sentence (ex. 23). Petitioner appealed, and the Nevada Supreme Court affirmed, stating that the petition was not cognizable because petitioner "was not in custody in the case designated when he filed the petition" (ex. 30). The remittitur issued on August 22, 2011 (ex. 33).

Meanwhile, on August 16, 2011, petitioner filed his federal habeas petition (ECF #4). Petitioner sets forth four grounds for relief. Respondents move to dismiss the petition because petitioner was not in custody for this sentence when he filed this petition.

**II. Discussion**

    **A. Legal Standard**

Federal law permits prisoners to challenge the validity of state convictions for which they are "in custody." 28 U.S.C. § 2254(a). Because custody is a statutory jurisdictional prerequisite, a federal district court may only consider a habeas petition if the petitioner was in custody at the time of filing the petition. *Maleng v. Cook*, 490 U.S. 488, 490-491 (1989). The custody requirement is satisfied if the petitioner is in custody when the petition is filed. *Carafas v. LaVallee*, 391 U.S. 234, 238-239 (1968). Thereafter, jurisdiction may survive with the presence of collateral consequences that satisfy the case or controversy requirement. *Id.* at 238. However, collateral consequences are insufficient by themselves to constitute custody if the conviction has expired at the time the petition is filed. *Maleng*, 490 U.S. at 492; *Resendiz v. Kovensky*, 416 F.3d 952, 956 (9th Cir. 2005).

    **B. Instant Petition**

Petitioner mailed his federal habeas petition on August 11, 2011 (ECF #4). In his petition, he states that he challenges his conviction in state case number 09 CR 00131 (ECF #4 at 2). Respondents argue that petitioner discharged this sentence sometime in May of 2010 (ECF #8 at 3). Petitioner fails to rebut respondents' argument in his opposition to the motion to dismiss. Despite the lack of documentation provided by respondents that petitioner has discharged this sentence, the court takes judicial notice of the fact that, with respect to the conviction at issue, petitioner was sentenced on

September 22, 2009 to twelve months incarceration (ex. 18).  Even if petitioner served the entire twelve months (with no good-time or other credit), his sentence would have expired on September 21, 2010. As he filed this federal habeas petition on August 11, 2011, he was not "in custody" for the purposes of federal habeas corpus law.  Accordingly, this court lacks jurisdiction to consider this petition.  Thus, the petition for writ of habeas corpus is dismissed.

**III.  Certificate of Appealability**

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-51 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability.  *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further.  *Id.*  This court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The court will therefore deny petitioner a certificate of appealability.

**IV.  Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF #8) is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus (ECF # 4) is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT** accordingly and close this case.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

Dated this 23rd day of January, 2012.

*Edward C. Reed*
UNITED STATES DISTRICT JUDGE